Jerome E. DOELLE, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 13535.

United States Court of Appeals
Seventh Circuit.

April 3, 1962.

294

Jerome E. Doelle, pro se.

Philip Carlton Potts, U. S. Atty., South Bend, Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner-appellant, Jerome E. Doelle, moved the District Court for reduction of his sentence under Title 28 U.S.C.A. § 2255. He appeals from denial of that motion.*

On February 9, 1961, a jury found appellant guilty on three counts of an indictment charging him with violations of Title 18 U.S.C.A. § 1010, in knowingly making, passing, etc., false completion certificates to obtain loans, with the in-

tent that such loans be offered to the Federal Housing Administration for insurance.

Appellant asked that he be sentenced immediately. The penalty prescribed by Congress for violations of the statute involved is a fine of not more than $5,000 or imprisonment of not more than two years, or both.

The District Judge explained to appellant that a pre-sentence investigation would be made, and promised that the time appellant spent in jail awaiting disposition would be taken into consideration at the time of sentencing.

Counsel for appellant asked the District Judge to consider making the sentences on the three counts concurrent. The government urged the District Court to impose consecutive sentences, or a total of six years.

On March 21, 1961, the District Court imposed a sentence of two years on each count, to be served concurrently.

Appellant moved for reduction of the sentence on the grounds advanced here: that he had asked for immediate sentence, that there had been an unreasonable delay in imposing sentence, and that consideration was not given, as promised, to the time he had spent in jail awaiting sentence. Appellant argued that he had, in effect, been sentenced to more than the maximum period allowed under the statute.

These contentions were all thus brought to the attention of the sentencing Judge by the motion to reduce sentence. The District Court was clearly in possession of all the facts when the order denying the motion was entered. Under the circumstances of this case it is futile to conjecture, as appellant does, that the District Judge was unmindful of his promise. It would be no less reasonable to conjecture that had the District Judge imposed sentence immediately, without the benefit of a pre-sentence investigation, he would have followed the govern-

* Appellant prosecuted his appeal pro se. The case was submitted on the record and briefs without oral argument.

ment's suggestion and made two, or all three, of the sentences consecutive, or added a fine.

All arguments advanced by appellant have been considered with care and found to be lacking in merit.

The ruling of the District Court is affirmed.