**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**James Delmar DEATON, Defendant-
Appellant.**

**Nos. 16753, 16754.**

United States Court of Appeals
Sixth Circuit.

Aug. 12, 1966.

David W. Matthews (court appointed), Cincinnati, Ohio, for appellant.

Jere B. Albright, Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Fred M. Vinson, Jr., Asst. Atty. Gen., Dept. of Justice, Crim. Div., Washington, D. C., on the brief.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant seeks reversal of convictions on two indictments charging that he knowingly caused forged securities to be transported in interstate commerce in violation of 18 U.S.C. § 2314 (1964). The securities referred to in the five counts of the indictments were five forged checks, all of which were cashed in Memphis, Tennessee, and presented for payment at banks in Birmingham, Alabama, and Atlanta, Georgia. Appellant was found guilty after trial before a jury in the United States District Court for the Western District of Tennessee. He was sentenced by Judge Boyd to the maximum sentence of ten years on each count, but the sentences were made to run concurrently.

On appeal court-appointed counsel contends that appellant was deprived of his constitutional rights by not having had a lawyer appointed for him prior to arraignment, that the testimony of his three accomplices was untrustworthy, and the government's evidence as a whole was insufficient to establish guilt beyond a reasonable doubt, that the court committed clear and prejudicial error by admitting in evidence certain notes asserted to have been written by appellant to the three accomplices and that the sentence should be vacated and appellant resentenced so as to give him credit for the four months he spent in jail awaiting trial.

Review of the briefs and appendices and the transcript of the record furnished appellant at public expense leads us to affirm these convictions.

Appellant concedes that proofs show that the five checks were forged and were knowingly caused to be transported in interstate commerce. Nowlin v. United States, 328 F.2d 262 (C.A. 10, 1964). Such checks are "securities" within the prohibition of Title 18 § 2314 (1964). United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359 (1946).

We find no constitutional violation of appellant's rights in this case. No confession or other evidence was presented at his trial which is claimed to be derived from any in-custody questioning. Appellant was represented at trial by court-appointed counsel whose competence is not attacked. And while counsel was not appointed prior to arraignment, we find no prejudice to appellant which arose from this fact. Williams v. United States, 120 U.S.App.D.C. 244, 345 F.2d 733 (1965), cert. denied, 382 U.S. 962, 86 S.Ct. 444, 15 L.Ed.2d 364 (1965); United States v. Guerra, 334 F.2d 138 (C.A. 2, 1964), cert. denied, 379 U.S. 936, 85 S.Ct. 337, 13 L.Ed.2d 346 (1964); Kimbro v. Heer, 364 F.2d 116 (C.A. 6, 1966). Decided July 5, 1966.

It is certainly true that the three accomplices were not the most trustworthy of witnesses. Two of them had apparently offered to testify for appellant in exchange for money. And since they had pled guilty to the same charges, they might well have had a stake in pleasing the prosecution.

Be all this as it may, the jury had all these facts before it, along with a warning from the trial judge as to the caution with which accomplice testimony should be regarded. And it is the nature of criminal conspiracies that some of the most relevant evidence should be in possession of unsavory characters. United States v. Thomas, 342 F.2d 132 (C.A. 6, 1965), cert. denied 382 U.S. 855, 86 S.Ct. 105, 15 L.Ed.2d 92 (1965).

Here the testimony of the three accomplices was detailed, coherent and uncontradicted. Much of it was confirmed by other witnesses. And wholly apart from the evidence of the three accom-

plices was the evidence that certain forged checks were on company check forms stolen from a Birmingham, Alabama, company for which appellant had previously worked and which theft occurred at a time when appellant was in Birmingham.

On appeal from a jury verdict of guilty, we are, of course, required to view the evidence from the light favorable to the government. Kowalchuk v. United States, 176 F.2d 873 (C.A. 6, 1949). We have no doubt that the jury had before it evidence which could have convinced them of appellant's guilt beyond a reasonable doubt.

The claim that clear error may be noticed by this court in the admission of several notes asserted to have been written by appellant to two of his accomplices occasioned our reading the trial transcript. Certainly if these notes had been offered by the government and admitted over appellant's objection, the claim of prejudicial error because of inadequacy of proof to tie them to appellant would be meaningful. Here, however, it was appellant's counsel on his cross-examination of two of the accomplices who established the existence of the notes and it was he who offered them in evidence. Whatever the reason for this trial decision, we do not think that on appeal appellant can claim plain error in the lack of authentication of his own exhibits.

As to appellant's claim that he was legally entitled to credit for time in jail for want of bail, (even though the statute here involved did not require imposition of a mandatory minimum sentence, Cf. 18 U.S.C. § 3568 (1964)) the precedent to date appears to be to the contrary. Scott v. United States, 326 F.2d 343 (C.A. 8, 1964); Doelle v. United States, 301 F.2d 293 (C.A. 7, 1962). And we have no way on this record to conclude that the District Judge did not take it into account in the sentence administered, since he could have assessed a total of 50 years.

No other issue of merit is presented.

The court expresses appreciation for the careful brief filed on behalf of appellant by court-appointed counsel, Mr. David W. Matthews, of Cincinnati, Ohio.

Affirmed.