UNITED STATES of America,
Plaintiff-Appellee,

v.

Johnnie Mae LYLES, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Clarence Edward RIDLEY, Defendant-
Appellant.

Nos. 17261, 17262.

United States Court of Appeals
Sixth Circuit.

July 14, 1967.

Charles H. Warfield, Nashville, Tenn., (Court Appointed) for appellants.

Kent Sandidge, III, Nashville, Tenn., for appellee. Gilbert S. Merritt, Jr., U. S. Atty., Kent Sandidge, III, Asst. U. S. Atty., Nashville, Tenn., on the brief.

Before WEICK, Chief Judge, EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellants were indicted for violating 18 U.S.C. §§ 1708, 495, and 2, by possessing, forging and uttering a stolen check, or aiding and abetting in the same, with intent to defraud the United States. Appellant Ridley was convicted on three counts, while appellant Lyles was convicted only on an uttering count.

The basic question posed by this appeal is the sufficiency of evidence to support the convictions. The principal testimony relied upon by the United States was furnished by an accomplice. Appellants invite us to view his testimony with great skepticism because of a prior criminal record and some internal contradictions. Appellants would have us view the accomplice's testimony as uncorroborated by other evidence in this record.

Appellant Ridley, however, admitted endorsing the words "Billy's Garage" upon the check in question. He also admitted giving it to appellant Lyles, with whom he was then residing (albeit not in wedlock) and instructing her to cash it. Appellant Lyles in turn admitted cashing the check. Thus both appellants had a clear opportunity to handle and examine the check. The check was a United States Government check payable to M. W. Douglas and J. B. Douglas. Both appellants were aware that the parties who sought their aid in

cashing the check were not the parties named on the check as payees. The accomplice testified that appellants received part of the proceeds of the cashing. In addition there were facts (apart from the accomplice's testimony) from which the jury might properly have inferred the same thing.

Circumstantial evidence may be used to corroborate an accomplice's testimony. Stanley v. United States, 245 F.2d 427 (C.A.6, 1957). So too may admissions which tend to incriminate the accused.

Further, testimony of an accomplice is admissible even if the accomplice's reputation is unsavory, where a proper cautionary instruction is given to the jury. United States v. Deaton, 364 F.2d 820 (C.A.6, 1966). In this case the Judge gave a cautionary instruction to the jury as to which no objection was made at trial or on this appeal.

The convictions are affirmed.