Robert W. Andrews, Memphis, Tenn., for petitioner.

Henry Klein, Asst. U. S. Atty., Memphis, Tenn., for respondent.

## OPINION ON MOTION TO VACATE OR CORRECT SENTENCE

ROBERT M. McRAE, Jr., District Judge.

Petitioner, Donald G. Hedges, also known as Garland Lee Kane, seeks credit for 75 days spent in jail prior to imposition of sentence. Petitioner was sentenced on June 13, 1966, to five years, the maximum time of confinement for violation of the Dyer Act. The United States of America, as respondent, admits that petitioner was confined for a period of 75 days prior to his sentence but asserts that he should not be given credit therefor because the Dyer Act did not provide for a mandatory minimum sentence and sections of the United States Code then in force did not require or authorize the giving of credit for time in jail prior to sentencing.

**Donald G. HEDGES a/k/a Garland Lee Kane, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 67-231.**

United States District Court
W. D. Tennessee, W. D.

Dec. 21, 1967.

Petitioner asserts that because he is not being given credit for the 75 days, his sentence amounts to five years and seventy-five days for a crime for which Congress enacted a maximum sentence of five years. The Courts of Appeals which have considered this problem since the imposition of sentence of this petitioner have ruled that jail time prior to sentencing should be credited upon the sentence in cases similar to this one. United States of America v. Smith, 379 F.2d 628 (C.A.7—1967); Dunn v. United States of America, 376 F.2d 191 (C.A.4—1967); Stapf v. United States of America, 367 F.2d 326 (C.A.D.C.—8-4-66).

The case of United States of America v. Deaton, 364 F.2d 820 (C.A.6—8-12-66) wherein jail time prior to sentencing was not allowed is distinguished by this Court. In the *Deaton* case the sentence imposed was not the maximum sentence, whereas, in the instant case it was. Furthermore, in the *Deaton* case the opinion points out that it was based upon precedent to the date of that opinion. Since that opinion the precedent from the Courts of Appeals has allowed credit for jail time.

It is, therefore, ordered that the proper officials of the respondent, United States of America, should give the petitioner in this cause credit for 75 days jail time prior to his sentencing in the computation of the five year sentence imposed upon the petitioner.

■ Petitioner also contends that he is being unlawfully detained under a commitment which fails to indicate his true name. Petitioner asserts that his true name is Garland Lee Kane, whereas, he is only known as Donald G. Hedges under his commitment. An examination of the record indicates the petitioner was indicted and tried as "Donald G. Hedges, A/K/A Garland Lee Kane". However, the judgment and commitment entered in the cause against petitioner only identified him as "Donald G. Hedges". This apparent oversight does not justify the vacation of his sentence. The Court is of the opinion, however, that the judgment and commitment in the cause should be corrected by identifying petitioner herein, who was the defendant in Criminal Cause No. 66-50 in this Court, as "Donald G. Hedges, A/K/A Garland Lee Kane" and it is so ordered.