**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Albert D. BROWN, Defendant-Appellant.**

**No. 18027.**

United States Court of Appeals Sixth Circuit.

Jan. 10, 1968.

Albert D. Brown in pro. per.

Thomas L. Robinson, U. S. Atty., William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., on brief for appellee.

Before CELEBREZZE, McCREE and COMBS, Circuit Judges.

PER CURIAM.

Defendant-Appellant appeals from the denial of a motion to correct sentence under Rule 35, Federal Rules of Criminal Procedure.

On December 3, 1965, the Defendant-Appellant pleaded guilty to a charge of violation of the Dyer Act, 18 U.S.C. § 2312, and received a sentence of three and one half years imprisonment. Prior to sentencing, the Defendant-Appellant had spent sixty-four days in jail awaiting trial. The instant motion, which was denied, was filed on June 15, 1967, in the United States District Court for the Western District of Tennessee requesting that the Court change the sentence to allow credit for the pre-trial incarceration.

Defendant-Appellant is not entitled to receive administrative credit for his pre-trial incarceration since he was sentenced prior to the effective date of the 1966 amendment to 18 U.S.C. § 3568. Prior to this amendment, § 3568 provided for administrative credit for pre-trial incarceration only in cases requiring a minimum mandatory sentence. The Dyer Act does not require a minimum mandatory sentence, and there is some controversy whether the Courts must grant credit for pre-trial incarceration under such statutes. Compare Doelle v. United States, 301 F.2d 293 (7th Cir. 1962), with Stapf v. United States, 367 F.2d 326 (D.C.Cir. 1966) and Dunn v. United States, 376 F.2d 191 (4th Cir. 1967). If less than the maximum sentence is imposed, however, the problem of crediting pre-trial incarceration is not necessarily presented. United States v. Dea-

ton, 364 F.2d 820 (6th Cir. 1966). Where, as here, the sentence imposed was substantially less than the statutory maximum, and the Judge who denied the motion was also the sentencing Judge, it can be conclusively presumed that the pre-trial incarceration was taken into consideration in setting the sentence. Amato v. United States, 374 F.2d 36 (3rd Cir. 1967).

The judgment of the District Court is affirmed.