**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clifford Laverne JONES, Defendant-
Appellant.**

**No. 18093.**

United States Court of Appeals
Sixth Circuit.

April 26, 1968.

Clifford Laverne Jones in pro. per.

J. H. Reddy, U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant entered a plea of guilty to violation of the Dyer Act, 18 U.S.C. § 2312. On October 2, 1964, he was sentenced to a term of five years, the maximum period authorized by law, and for study as prescribed in 18 U.S.C. § 4208(c). On January 18, 1965, his sentence was modified so that he will be eligible for parole at such time as the Board of Parole may determine. 18 U.S.C. § 4208(a) (2). This sentence was imposed while the 1960 amendment to 18 U.S.C. § 3568 was in effect, and prior to the effective date of the 1966 amendment.

Appellant filed a motion in the District Court under Rule 35, Fed.R.Crim.P., asking that he be given credit for thirty-seven days spent in the local jail from August 26, 1964, to October 2, 1964. The present appeal is from the order of the District Court denying this motion.

We hold that this case is not controlled by United States v. Brown, 387 F.2d 371 (6th Cir.) and United States v. Deaton, 364 F.2d 820 (6th Cir.), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138. In *Brown* a sentence of three and one-half years was imposed under a statute providing a maximum sentence of five years with no minimum mandatory sentence. In *Deaton* ten year sentences were imposed to run concurrently on each of five counts, when a maximum of as much as fifty years would have resulted if the sentences had run consecutively. The holding of these two decisions is that where a sentence imposed while the 1960 amendment to 18 U.S.C. § 3568 was in effect is substantially less than the statutory maximum, and the judge who denied the motion to correct the sentence was also the sentencing judge, it will be presumed that the pre-trial incarceration was taken into consideration in fixing the sentence.

The present case involves a different situation. Appellant received the maxi-

mum sentence authorized by the statute. There is no basis for indulging in the presumption that the pre-trial custody was taken into consideration in setting the sentence. The later modification of the sentence to provide for eligibility for parole did not operate to reduce the statutory maximum.

We hold that appellant is entitled to credit for his pre-trial incarceration occasioned by his financial inability to post bail bond. Dunn v. United States, 376 F.2d 191 (4th Cir.); Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (D.C. Cir); cf., United States v. Rumbough, 393 F.2d 396 (6th Cir).

The judgment of the District Court is reversed and the case is remanded for correction of the sentence in conformity with this opinion.