**UNITED STATES of America**

v.

**Clifford Charles SEIB, Jr., Appellant.**

**No. 19526.**

United States Court of Appeals,
Third Circuit.

Argued March 5, 1971.

Decided March 24, 1971.

Thomas M. Maher, Hackensack, N. J., for appellant.

William Maurice Treadwell, Asst. U. S. Atty., Newark N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., Stephen E. King, Asst. U. S. Atty., on the brief), for appellee.

Before HASTIE, Chief Judge, and ADAMS and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Prior to the 1966 amendment to 18 U.S.C. § 3568 the appellant was sentenced, following a guilty plea, to seven years imprisonment for violation of 18 U.S.C. § 2113(b). The maximum sentence for that offense is ten years. On September 18, 1970 he moved before the sentencing judge pursuant to Rule 35, Fed.R.Crim.P. for reduction or correction of his sentence to reflect credit for 74 days spent in custody prior to the imposition of sentence. That motion was denied and this appeal followed. The precise situation has heretofore been presented in Amato v. United States, 374 F.2d 36 (3 Cir. 1967), which held

that denial of a motion to reduce a pre-1966 sentence of less than the maximum by crediting time in pre-sentence custody was not error.[1]

The order of the district court will be affirmed.

1. Accord, United States v. Whitfield, 411 F.2d 545 (8 Cir. 1969); Schreter v. United States, 265 F.Supp. 369 (D.N.J. 1967). Contra, United States v. Smith, 379 F.2d 628 (7 Cir. 1967). Cf. Sobell v. United States, 407 F.2d 180 (2 Cir. 1969); Lee v. United States, 400 F.2d 185 (9 Cir. 1968); United States v. Jones, 393 F.2d 728 (6 Cir. 1968); Bryans v. Blackwell, 387 F.2d 764 (5 Cir. 1967); Dunn v. United States, 376 F.2d 191 (4 Cir. 1967); Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966).