Thomas Harry **DURKIN**, Appellee,

v.

**Jack F. DAVIS, Director, Dept. of Corrections, et al., Appellants.**

No. 75–1338.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1975.

Decided March 23, 1976.

Jim L. Chin, Asst. Atty. Gen. of Va., Richmond, Va. (Andrew P. Miller, Atty. Gen. of Va., and Robert E. Shepherd, Jr., Asst. Atty. Gen. of Va., Richmond, Va., on brief) for appellants.

John D. Grad, Alexandria, Va. (Philip Hirschkop and Associates, Alexandria, Va., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

§ 53–208, Code of Virginia (1950), as amended, provides that any person sentenced for confinement under the criminal laws of that Commonwealth "shall have deducted from any such [sentence] all time actually spent * * * in jail * * * awaiting trial, or pending an appeal" and "it shall be the duty of the court or judge, when entering the final order in any such case, to provide that such person so convicted be given credit for the time so spent."[1] The procedure mandated by this statute contemplates a sentence imposed by the trial court, accompanied by a provision in "the final order in any such case" giving credit on the sentence imposed for the time "spent * * * in jail * * * awaiting trial, or pending an appeal." The statute, however, includes a limitation to the effect that, "[N]o such credit, however, shall be given to any person who shall break jail or make an escape."

The petitioner was convicted and sentenced in February, 1968, for the crimes of robbery, abduction, and unauthorized use of motor vehicle. He received consecutive 20 year terms for the robbery and abduction convictions and was given a five year concurrent sentence on the unauthorized use conviction, to be served concurrently with the other sentences, or a basic sentence of 40 years on all charges. Unable to make bond when arrested, he spent 16 months in

---

1. The comparable federal statute is § 3568, 18 U.S.C.

In an article written in 1972 it was stated that thirty-three states had enacted similar statutes. See 41 *Crim.L.Rev.* at 827. The Oklahoma statute, as described in this comment, has, it seems, a condition not too dissimilar from that in the Virginia statute. 57 Okla. Stat. § 138 (Supp.1972).

Both the federal and state statutes follow the suggested requirements as set forth in § 3.6(a) of the A.B.A. Standards Relating to the Administration of Criminal Justice, p. 363 (1974), though the Virginia statute includes the proviso eliminating the right of the prison escapee, a

provision not in the suggested standard. The A.B.A. standard is as follows:

"Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed."

jail "awaiting trial, or pending an appeal," prior to his escape on September 22, 1968. After his apprehension, he was committed for service of his sentence. At some time not stated in the record, an order was entered under § 53–208 to the effect that the petitioner was not entitled to credit for "jail time"[2] because of his escape. Apparently unaware of this order, the petitioner later inquired of the trial court whether credit for his jail time had been given him. He was advised by the Clerk of the Circuit Court that he had been denied credit for jail time because of his escape.

Almost five years later, the petitioner filed in the Virginia Supreme Court a petition for a writ of mandamus to require the granting of the credit denied him for his period of confinement "awaiting trial" and "pending appeal." An order to show cause was issued directed to the Judge of the State Court and the Superintendent of the Virginia State Penitentiary. The respondents, by their return, asserted the validity of the action in denying such credit. To

that return, the petitioner made answer, asserting, among other things, that the portion of § 53–208 authorizing the denial of credit in the event of escape was invalid and that, by its action, the sentencing court had "in effect sentenced defendant to an additional sixteen months and six days imprisonment in a State prison or penitentiary without presentment or indictment of a Grand Jury and without due process of law." On the pleadings as thus made, the Supreme Court of Virginia entered its order, holding that the application for the writ of mandamus should be dismissed. It gave no reason for the dismissal. The petitioner then filed this habeas petition in the District Court which granted the writ in a decision reported at 390 F.Supp. 249.[3] The respondents have appealed. We remand with directions.

■ It seems recognized that the right to credit for jail time awaiting trial on a bailable offense and pending appeal is not a matter of legislative grace but is a right constitutionally mandated,[4] available to

---

2. This period of confinement is generally described as "jail time", see McGinnis v. Royster (1973) 410 U.S. 263, 265–6, 93 S.Ct. 1055, 35 L.Ed.2d 282, or "deadtime," see, Stacy, Constitutional Right to Sentence Credit for Pre-Trial Incarceration, 41 Cincinnati L.Rev. 823 (1972).

3. Durkin v. Davis (D.C.Va.1975) 390 F.Supp. 249.

4. For pre-sentence jail time credit, see Nelson v. United States (1971) 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428; United States v. Gaines (1971) 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428 (see on remand 449 F.2d 143); Ange v. Paderick (4th Cir. 1975) 521 F.2d 1066, 1068–9; Ham v. State of North Carolina (4th Cir. 1973) 471 F.2d 406, 408; Williams v. Missouri Department of Corrections (8th Cir. 1972) 463 F.2d 993, 995; Mohr v. Jordan (D.C.Md.1974), 370 F.Supp. 1149, 1153, aff'd mem., No. 74–1496, 4th Cir., July 31, 1974.

For credit for jail time spent pending appeal from sentence, see Cole v. State of North Carolina (4th Cir. 1969) 419 F.2d 127, 128; Wilson v. State of North Carolina (4th Cir. 1971) 438 F.2d 284, 286.

For a general discussion of the right to jail time credit, see, also, Note, Credit for Time Served between Arrest and Sentencing, 121 U. of Pa.L.Rev. 1148 (1973); Note, Credit for Pre-Sentence Confinement, 34 Maryland L.Rev. 452

(1974); Schornhorst, Presentence Confinement and the Constitution: The Burial of Dead Time, 23 Hastings L.J. 1041 (1972); Richards, Sentence Crediting for State Criminal Defendant—A Constitutional Requirement, 34 Ohio State L.Journal 586 (1973); Singer and Hand, Sentencing Computation: Laws and Practices, 10 Crim.L.Bulletin 318 (1974); 41 Cincinnati L.Rev. 823, supra. The writer in the latter article, states at p. 828:

"Varied though the statutory solutions are, they all appear to be premised on the assumption that credit for pre-trial incarceration is something other and lesser than a constitutional right and thus may be assigned starting dates, conditions and other limitations. Therein they err, for guarantees of equal protection and due process of law, as well as the bans on double jeopardy and cruel and unusual punishment, demand that such incarceration be credited as a matter of constitutional right."

The statement in Gremillion v. Henderson (5th Cir. 1970) 425 F.2d 1293, 1294, that there is no constitutional right to credit for pre-trial confinement (a statement relied on by the respondents in this case) may have been undermined by the subsequent cases of Hart v. Henderson (5th Cir. 1971) 449 F.2d 183, 185 and Parker v. Estelle (5th Cir. 1974) 498 F.2d 625, 627, cert. denied 421 U.S. 963, 95 S.Ct. 1951, 44

state prisoners as well as federal prisoners.[5] It is pointed out by the respondents, though, that generally the credit for jail time awaiting trial will not be allowed where the sentence, when increased by the pre-sentence confinement time, does not exceed the maximum sentence for the offense of which the prisoner has been convicted.[6] This limitation upon the right rests on what has been described as a "conclusive presumption" that the sentencing judge had given credit in his sentence to such jail time.[7] We are not concerned, however, with that limitation which is clearly irrelevant to this case. The Virginia statute establishes an obligatory statutory procedure for sentencing which requires credit to be given in the final order for time spent in jail awaiting trial or pending appeal. In this case, the petitioner's sentence was forty years. On that basic sentence he admittedly never received that credit for jail time

and he was denied it because of his escape. The question posed by this proceeding is, thus, whether the state by statute can validly deny a right to credit on his sentence for jail time awaiting trial and pending appeal because of his escape.

■ The District Court found that the condition in § 53–208 providing that such credit should be denied if the prisoner escapes was constitutionally invalid. In reaching that conclusion, it reasoned that to deny the petitioner his constitutional right to credit on his sentence for jail time without notice and without any hearing whatsoever violated the equal protection [8] and double jeopardy clauses of the Constitution.[9] The equal protection violation is founded on the inequality of treatment between one unable to make bail and one who can make bail, in the case of pre-sentence time, as well as the inequality resulting between the defendant who appeals and the defendant

L.Ed.2d 450 (1975). *Cf.*, however, *Cobb v. Bailey* (5th Cir. 1972) 469 F.2d 1068, 1070.

**5.** *Hook v. State of Arizona* (9th Cir. 1974) 496 F.2d 1172, 1174; *Parker v. Estelle, supra*, 498 F.2d at 627.

**6.** *Hook v. State of Arizona, supra*; *Parker v. Estelle, supra*; *Myers v. United States* (9th Cir. 1974) 446 F.2d 232, 234; *United States v. Seib* (3d Cir. 1971) 439 F.2d 1135, 1136; *Holt v. United States* (7th Cir. 1970) 422 F.2d 822, 823; *Davis v. Willingham* (10th Cir. 1969) 415 F.2d 344, 345–6; *United States v. Whitfield* (8th Cir. 1969) 411 F.2d 545, 546; *Withers v. State of North Carolina* (D.C.N.C.1971) 328 F.Supp. 1152, 1153; *Stapf v. United States* (1966) 125 U.S.App.D.C. 100, 367 F.2d 326, 330.

There are many state cases to the same effect, *i. e., People v. Puls* (1971) 176 Colo. 71, 489 P.2d 323; *Reanier v. Smith* (1974) 83 Wash.2d 342, 517 P.2d 949; *Drew v. State* (Mo.1970) 458 S.W.2d 263; *Smith v. State* (Ark.1974) 508 S.W.2d 54; *State v. Sutton* (1974) 21 Ariz.App. 550, 521 P.2d 1008.

**7.** *See Stapf v. United States, supra.*

One commentator has acidly remarked in connection with this presumption:

"Those presumptions bring intolerably cavalier procedure to the reckoning of constitutional claims. Nowhere else in the criminal process is a claim of constitutional right fobbed off by the invocation of a conclusive presumption." Stacy, *supra* at 838.

Another commentator has said:

"[I]f the requirement of credit for presentence confinement is of constitutional dimension, it can hardly be satisfied by an unsub-

stantiated 'presumption' that a trial judge complied with the rule." Schornhorst, *supra*, n. 9, at 1063.

This Circuit rejected the *Stapf* presumption in *Padgett v. United States* (4th Cir. 1967) 387 F.2d 649, with the effect being "to leave the matter open to be determined according to the facts in the particular case."

**8.** *See Tate v. Short* (1971) 401 U.S. 395, 398–99, 91 S.Ct. 668, 28 L.Ed.2d 130; *Williams v. Illinois* (1970) 399 U.S. 235, 244, 90 S.Ct. 2018, 26 L.Ed.2d 586; *McGinnis v. United States Ex Rel. Pollack* (2d Cir. 1971) 452 F.2d 833, 835–6, *cert. denied* 406 U.S. 905, 92 S.Ct. 1606, 31 L.Ed.2d 815 (1972); *Parker v. Estelle, supra*, at 627. Some courts have found a due process violation in the denial of credit for jail time. *See, Hart v. Henderson, supra*, at 186. The more general approach, however, has been on equal protection grounds. *See*, Singer and Hand, *Sentencing Computation: Laws and Practices*, 10 Criminal L.Bulletin, 318, 330.

**9.** *See Wilson v. North Carolina* (4th Cir. 1971) 438 F.2d 284, 286; *Wright v. Maryland Penitentiary, State of Maryland* (4th Cir. 1970) 429 F.2d 1101 at 1103–4.

It has, also, been held that the denial of such credit, especially when a defendant has been given the maximum sentence, is cruel and unusual punishment violative of the eighth amendment. *Parker v. Bounds, supra* at 1402. See Wagner, *Sentence Credit for "Dead Time,"* 8 Crim.L.Bulletin 393, 406.

who does not, in the case of credit for confinement pending appeal. The double jeopardy violation is premised on the conclusion that "[P]retrial detention is nothing less than punishment." *Parker v. Bounds* (D.C.N.C.1971) 329 F.Supp. 1400, 1401; *Culp v. Bounds* (D.C.N.C.1971) 325 F.Supp. 416, 419.[10] Under this premise, such punishment is considered multiple punishment since no credit is given on the subsequent sentence imposed for the single offense.[11] The double jeopardy clause prohibits equally multiple punishments and multiple convictions for the same offense. *Ex parte Lange* (1873) 85 U.S. 163, 173, 21 L.Ed. 872; *North Carolina v. Pearce* (1969) 395 U.S. 711, 718, 89 S.Ct. 2072, 23 L.Ed.2d 656. If the petitioner's right to credit for his jail time is a right protected by the equal protection and the double jeopardy provisions of the Constitution, the District Court concluded, it was a right which could not be forfeited or denied because of any later conduct; nor could the State, which was obligated to grant such credit, attach conditions to that right.[12] And this is particularly so when such denial, the District Court found, would amount to a sentence imposed without trial or a hearing of almost three times the sentence statutorily authorized for the crime of non-forceable escape which was the basis on which the State predicated its claim of power to deny the credit. Actually there would be no impediment, under the respondent's construction of the statute, to a trial of the petitioner for unlawful escape, thereby subjecting the petitioner to the possibility of even further additional punishment for the same offense. The respondents' answer seems to be that the State's right to deny credit for jail time if the prisoner escapes does not constitute the imposition of multiple punishment for his offense but is a reasonable condition which the State may attach to this right of a prisoner. On balance, we must say that the District Court's result, if not all its rationale, on the substantive issue is difficult to fault. We are in doubt, though, that in the present state of the case there has been that exhaustion of state remedies by the petitioner which will authorize a federal court to entertain at this time the issue in a habeas proceeding under § 2254, 28 U.S.C.

■ Our hesitancy in sustaining the granting of the writ is prompted by the argument vigorously asserted by the respondent that there has not been an exhaustion of state remedies. Exhaustion of state remedies as an essential predicate for the maintenance of a federal proceeding by a state prisoner under § 2254, 28 U.S.C., rests not only on salutary principles of comity but on the positive command of the statute itself. Until the State has been accorded a fair opportunity "by any available procedure" to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand. *Gilstrap v. Godwin* (4th Cir. 1975) 517 F.2d 52, 53. This was forcefully declared in *Picard v. Connor* (1971) 404 U.S. 270 at 275–6, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, where the Court said that, if exhaustion of State remedies is to be had, "the federal claim must be fairly presented to the state courts" and "[T]he rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." And doubts as to whether the issue has been so presented should be resolved against exhaustion, save in the ex-

---

10. To the contrary, *see Bennett v. State* (Tex. Crim.App.1970) 450 S.W.2d 652; *State v. Kennedy* (1970) 106 Ariz. 190, 472 P.2d 59. The rationale of these decisions is that since pre-trial detainees are presumed innocent, the time they serve awaiting trial is not punishment and, therefore, no double jeopardy exists. One commentator had stated that "[T]his argument is worthy of the combined wits of the Red Queen and Colonel Cathart. Like Alice, one gets the feeling that there's something wrong here somewhere." Schornhorst, *supra*, at 1067–8.

11. *See,* Comment, *Credit for Time Served Between Arrest and Sentencing,* 121 U.Pa.L.Rev. 1148, at 1151 (1973):

   " * * * This guarantee [against double jeopardy] is violated 'when punishment already exacted for an offense is not fully "credited" in imposing sentence upon a new conviction for the same offense.' "

12. *Cf., McGinnis v. United States ex rel. Pollack, supra,* at 835.

ceptional case to which we refer later. *See Williams v. Missouri Department of Corrections, supra.*

It is conceded that the petitioner has not filed any petition in habeas corpus in the State Court. The petitioner's action in State Court was in mandamus and the writ of mandamus was denied by the State Court without any clear indication whether the denial was on the absence of jurisdictional grounds in mandamus, or on the merits of the substantive right to jail-time credit. The District Court reasoned that the decision of the Virginia Supreme Court was not on jurisdictional grounds but on the merits, and, ergo, that there was an exhaustion of state remedies. It bases this reasoning on the fact that the respondents in their return did not specifically assert failure to establish the required grounds for the exercise of mandamus jurisdiction. But what we are concerned with is not the theory on which the respondents resisted the writ but the ground on which the Supreme Court itself acted, whether on the substantive issue or on other grounds. It cannot be said that the decision of the Virginia Supreme Court rested on the substantive grounds of petitioner's claim for jail-time credit rather than on other grounds when the opinion of that Court is completely silent as to the basis of its decision.

█ The petitioner does not dispute that the Virginia Supreme Court, under its established practice and procedure, could have dismissed the petition in mandamus on the ground that the petitioner failed to establish a basis for the exercise of mandamus jurisdiction without reaching the substantive issue. And this is so because the law of Virginia is well settled that mandamus, an extraordinary remedy, is only maintainable if there is no other remedy available to the petitioner. In *Board of Supervisors v. Combs* (1933) 160 Va. 487, 498, 169 S.E. 589, 593, the Court declared, "[N]or is the extraordinary writ of mandamus ever granted to enforce a right when there is any other adequate legal remedy available to the applicant." That principle

has since been consistently restated and followed in other Virginia cases. *See Richmond-Greyhound Lines v. Davis* (1958) 200 Va. 147, 104 S.E.2d 813, 816. The only "legal remedy" available to the petitioner for the redress of his grievance was not a proceeding in mandamus; he had an indisputable right to seek relief by habeas in the State Court. The presence of another available remedy, under Virginia practice, foreclosed resort by the petitioner to mandamus as his remedy. Accordingly, if the decision of the Virginia Supreme Court in the mandamus proceeding proceeded on this jurisdictional ground, the federal claim asserted by the petitioner has not been "fairly presented" to the State Courts in a proceeding where that claim could have been raised properly. We are accordingly unable to find that the issue raised by the petitioner has been considered by the State Court in the mandamus proceedings. This being true, it cannot be said that there has been that clear exhaustion of state remedies under § 2254. For that reason that proceeding should have been dismissed.

We might add that, were the petitioner, presently or within the immediate future, subject to release or parole consideration if the credit were allowable, we might be inclined to resolve the doubt about state exhaustion in favor of the petitioner and proceed to resolve now the substantive issue presented. We have done so in other cases where there was such compelling necessity for final decision that, unless vindication of the petitioner's rights was promptly given they would be lost.[13] But the petitioner is not in such a situation.

The cause is remanded to the District Court with directions to the District Court to dismiss, without prejudice, the petition for failure to exhaust state remedies.

---

13. *Ham v. North Carolina, supra; Ange v. Paderick, supra.*