**Francis R. VICKERS, Appellant,**

v.

**Lloyd E. HAYNES, Warden of Huttonsville Correctional Center, Appellee.**

No. 76–1568.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 25, 1976.

Decided June 2, 1976.

Francis R. Vickers, pro se.

Chauncey H. Browning, Jr., Charleston, W. Va., for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM.

Vickers was convicted of first-degree murder by the Intermediate Court of Kanawha County, West Virginia, and is now serving a life sentence in the West Virginia State Penitentiary. The jury verdict carried a recommendation of mercy, and thus Vickers is eligible for parole during the term of his sentence. Having exhausted all post-conviction state remedies, Vickers petitioned for federal habeas corpus relief. In an opinion dated April 11, 1975, the district court denied Vickers relief, and on April 16, 1975, denied Vickers' application for a certificate of probable cause to appeal.

In the district court, Vickers raised a number of challenges to his conviction, most of which, as the district court correctly observed, are without merit. Vickers is correct, however, when he charges that he was wrongfully denied credit for preconviction and presentence jail time spent in the Kanawha County Jail.

The district court correctly concluded that Vickers was entitled to have all time served in the Kanawha County Jail subsequent to his conviction credited against his sentence. The documentary record of this appeal now indicates that West Virginia authorities have credited Vickers with 354 days spent in jail following conviction and pending appeal to the West Virginia Supreme Court of Appeals.

Regarding preconviction jail time, the trial court concluded that "petitioner is not entitled to credit for the time spent in custody prior to trial, since he was being held for a nonbailable offense." In support of this proposition, the district court cited *Meadows v. Coiner*, 352 F.Supp. 383 (N.D. W.Va.1973). The opinion of the district

court in *Meadows*, however, was vacated and remanded in *Meadows v. Coiner*, No. 73–1106 (4th Cir. May 2, 1973) (unpublished opinion). In a memorandum decision, we vacated the order of the district court and remanded it for entry of an order directing the state to give full credit for the period spent in pretrial custody. Vickers is, likewise, entitled to full credit for preconviction confinement. *Ham v. North Carolina*, 471 F.2d 406 (4th Cir. 1973). *See Durkin v. Davis*, 538 F.2d 1037 (4th Cir. 1976).

Although Vickers was given a life sentence, the jury's recommendation of mercy makes him eligible for parole. Credit for preconviction jail time will advance the date upon which he will first be eligible for parole. Accordingly, a certificate of probable cause to appeal is granted, the judgment of the district court is vacated, and the case is remanded to the district court with instructions that an order issue directing the state to give Vickers full credit for the period spent in pretrial custody.

*VACATED AND REMANDED.*