Steven E. CHILDERS, Petitioner,

v.

Tom LAWS, Superintendent and the Attorney General of the State of North Carolina, Rufus L. Edmisten, Respondent.

No. ST–C–82–115–P.

United States District Court,
W.D. North Carolina,
Statesville Division.

March 11, 1983.

---

Steven E. Childers, pro se.

Richard N. League, Asst. Atty. Gen. of North Carolina, and Rufus Edmisten, Atty. Gen., of North Carolina, North Carolina Dept. of Justice, Raleigh, N.C., for respondent.

## MEMORANDUM OF DECISION GRANTING HABEAS CORPUS RELIEF

POTTER, District Judge.

In this habeas corpus action brought by a state prisoner, Petitioner seeks sixty-four (64) days credit for time served in the Bristol, Virginia city jail after he was apprehended for having escaped custody from the North Carolina Department of Corrections. For the reasons set out below, the Court finds merit in Petitioner's claim and herewith grants the requested writ of habeas corpus in the form of a sixty-four (64) day credit against the *original* sentence from which he escaped.

## I. FINDINGS OF FACT

The record reflects the following pertinent facts. Steven E. Childers, Petitioner, escaped from the custody of the North Carolina Department of Corrections on November 1, 1980. On that date, Petitioner still had remaining to serve a maximum possible sentence of six years, ten months, twenty-one days, and a minimum sentence of ten months. The maximum and minimum figures are partially due to the fact that Petitioner was then serving time for four separate groupings of sentences, and additionally, due to certain allowances for good time and gain time.

On November 30, 1980, Petitioner was captured in Virginia by Virginia state authorities, and was held in custody at the Bristol, Virginia city jail until he was extradited to North Carolina on February 4, 1981. Petitioner's custody in Virginia was premised solely upon the fact that he was an escapee, and not on a warrant for a criminal charge of prison escape. The Notice of Extradition served upon Petitioner by the State of Virginia confirms this fact, as it states,

You are hereby notified that requisition from his Excellency, the Governor of North Carolina, has been received demanding your return on a charge of "to complete the sentence he was serving prior to his escape on November 1, 1980."

Upon return to the state of North Carolina, Petitioner was indicted on April 6, 1981, and subsequently pleaded guilty on October 5, 1981, to a charge of prison escape, a violation of N.C.G.S. § 148–45 (1981). Upon this conviction Petitioner received a six month sentence, to run consecutively with his original sentences. The maximum penalty for this offense is two years imprisonment. The record contains no indication by the sentencing judge that the sixty-four days spent in custody in Virginia was considered by him in imposing a sentence of six months. There is also no indication that prison authorities intended to credit this time against either Petitioner's original sentence or the subsequent sentence for prison escape. Petitioner is currently scheduled to begin his six-month sentence for prison escape on April 1, 1984.

On October 22, 1981, Petitioner sought relief in the Superior Court for Wilkes County to have sixty-four days credited to his six-month sentence received for prison escape. Upon this motion, Superior Court Judge Julius A. Rousseau denied relief and concluded that "any time spent in custody in Bristol, Virginia was time [Petitioner] would have spent in the Department of Correction in North Carolina, and [Petitioner] is not entitled to any time on the escape charge." (Order of December 11, 1981). From this Order Petitioner sought review by the North Carolina Court of Appeals which denied certiorari on February 11, 1982.

Since Petitioner has presented this claim for credit for time served to the state courts of North Carolina, the Court finds that state remedies have been properly exhausted pursuant to 28 U.S.C. § 2254 and that Petitioner is entitled to this Court's substantive review.

## II. CONCLUSIONS OF LAW

The North Carolina statutory provisions with regard to credit for time served are codified at N.C.G.S. §§ 15–196.1 to 15–196.-4. Section 15–196.1 provides as follows:

The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole and probation revocation hearings: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

By its express terms, this statute includes only time spent in custody in "State" institutions and requires a credit against only a charge already "commenced". "State" is defined at N.C.G.S. § 15A–101(8) as "The State of North Carolina" and does not include other states. Because Petitioner spent the sixty-four days in question in a place other than the "State" institution comprehended by this statute, and further, because Petitioner had not yet been charged with the separate criminal offense of prison escape, it is clear that this statute does not provide for credit against the *six month sentence received on the prison escape conviction.* Further, since Petitioner was not charged with the offense of prison escape while he was held in custody in Virginia, there appears to be no constitutional authority beyond the North Carolina

statute for granting Petitioner credit against his prison escape sentence. However, for the reasons stated below, Petitioner is entitled to a credit of sixty-four days against his *original* sentence.

The case authorities which deal with the issue of credit for time served have addressed primarily situations where a state prisoner was seeking credit for time served while awaiting trial, retrial, or appeal. *See, e.g., Durkin v. Davis,* 538 F.2d 1037, (4th Cir.1976); *Carey v. Garrison,* 452 F.Supp. 485 (W.D.N.C.1978); 77 A.L.R.3d 182 (1977). The rationale of these cases has been twofold. First, where an indigent prisoner is in pre-trial custody solely because he cannot produce the funds to meet his bond, while those with sufficient funds can purchase their freedom, then it is said that the indigent's right to equal protection of the laws has been violated. *Durkin, supra,* at 1040–41. The second theory for granting relief is based on the double jeopardy clause. A prisoner sentenced to a *maximum* term of imprisonment is twice punished for the same offense if pretrial time spent in custody is not credited against the sentence. *Id.*

Additionally, it appears to be well established that detention in a municipal jail while awaiting trial is "nothing less than punishment." *Durkin, supra,* at 1040–41. *See also, Campbell v. McGruder,* 580 F.2d 521, 530 (D.C.Cir.1978), (pretrial detention in jail considered "indistinguishable from punishment."). Likewise, in *Carey, supra* at 489, the district court noted that "it cannot be disputed that [time spent in pretrial custody in a county jail] is 'punishment' ". Likewise, the Supreme Court has held, long ago, that "any deprivation of [liberty] for *past conduct* is punishment, and can be in no otherwise defined. *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 321–22, 18 L.Ed. 356 (1867) (emphasis added).

The one authority in this circuit which this Court has found dealing with credit for time served in the municipal jail *after* a conviction, but before the defendant was sent to an official state prison unit, is found in the case of *Vickers v. Haynes,* 539 F.2d

1005 (4th Cir.1976). In *Vickers,* the Fourth Circuit stated simply that "Vickers was entitled to have all time served in the Kanawha County Jail subsequent to his conviction credited against his sentence." *Id.* A ruling by the Supreme Court of North Carolina has also allowed credit for time served during the time between a first conviction and subsequent retrial and conviction on the same charge. *North Carolina v. Weaver,* 264 N.C. 681, 142 S.E.2d 633 (1965). In that case, the North Carolina Supreme Court noted that "the hard fact of [the defendant's] actual service of sentence from May 9, 1983 until September 25, 1964 cannot be ignored." *Id.* at 686–87, 142 S.E.2d 633.

In the present case, Petitioner was arrested by Virginia authorities and confined in the Bristol, Virginia city jail solely at the request and direction of the State of North Carolina. Further, North Carolina's sole justification for having Petitioner arrested and jailed was the fact that Petitioner had not yet completed a lawfully imposed sentence of imprisonment. This previous sentence, although not a maximum sentence, was nonetheless a final judgment not open to further expansion by state prison authorities. The only lawful influence state prison authorities have on such a sentence is to reduce it, within statutory limitations, for good time, gain time, and the like.

However, for Petitioner to be incarcerated in Virginia at the request of North Carolina upon this outstanding sentence, and then to be refused credit against his original sentence for the time he spent in custody, in effect amounts to an *increase* in Petitioner's prison sentence at the whim of state prison authorities. The sentencing judge or judges at Petitioner's original convictions have thus been totally bypassed and Petitioner has received a greater sentence not contemplated by those earlier sentencing judges. Clearly, such an increase in Petitioner's sentence amounts to a violation of his Fifth Amendment rights to be free from being punished for the same offense twice, *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), and not to be deprived of liberty without due process of law.

Petitioner's 64-day term of incarceration in Virginia cannot be dismissed as being his just desserts for committing the criminal offense of prison escape. The State of North Carolina has already sought and obtained an indictment, conviction, and six-month prison sentence against Petitioner for prison escape. Likewise, to say Petitioner caused the extended incarceration himself by refusing to waive extradition is without merit as both North Carolina and Virginia have adopted the Uniform Criminal Extradition Act which grant defendants a right to have the state requesting extradition to undertake the formal extradition process. N.C.G.S. §§ 15A–730, 746; Va. Code §§ 19.2–95, 19.2–114. To punish Petitioner with an additional 64-day period of incarceration for refusing to waive extradition would totally eviscerate his rights under this statute.

The Attorney General further argues that North Carolina has been deprived of its "scheme of punishment, rehabilitation, and labor" during this 64-day period. Admittedly, that is true. However, this argument cannot stand in the face of all the cases cited above where credit was given to state prisoners for time spent outside formal penal institutions in municipal jails. As the Supreme Court of the United States concluded in *McGinnis v. Royster,* 410 U.S. 263, 271, 93 S.Ct. 1055, 1060, 35 L.Ed.2d 282 (1973), and as judicially noticed by this Court, municipal jails are generally merely detention centers and do not provide formal programs of labor or rehabilitation that are standard features in the official state prison units. Further, absent a showing to the contrary by the Attorney General, this Court takes judicial notice that detention in the Bristol, Virginia city jail amounts to just as much deprivation of liberty and punishment as incarceration in any municipal jail in North Carolina. Consequently, this Court concludes that the "hard fact" of Petitioner's 64-day period of incarceration in the Bristol, Virginia city jail "cannot be ignored," and that the punishment of incarceration endured by him during that time

**1288**

should be credited against the specific charge which the State of North Carolina used to justify such incarceration by the Virginia authorities. However, inasmuch as Petitioner was beyond the supervision of North Carolina prison authorities, absent statutory or regulatory authority to the contrary, the state is not required to award good time or gain time credits to Petitioner which might have been earned during this 64-day period of incarceration. *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).

Consequently, this Court concludes that to deny Petitioner this sixty-four day credit against his original sentence, after subjecting Petitioner to the loss of his liberty by incarceration in a foreign state, would amount to punishment twice for the same offense and a deprivation of his liberty without due process of law, both in violation of the Fifth Amendment, as made applicable to the states via the Fourteenth Amendment. Therefore, this Court finds merit in the application and herewith issues the writ in the form of a 64-day credit against the original sentences which Petitioner was serving at the time of his escape.