861 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles N. CURRY, Plaintiff-Appellant,
v.
CLERK OF COURT, GLOUCESTER COUNTY CIRCUIT COURT; Clerk of
Court, York Circuit Court; Honorable Duane
Holloway; Presiding Judge,
Defendants-Appellees.
Charles Nance CURRY, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
Charles Nance MURRAY, Plaintiff-Appellant,
v.
Charles E. KING, Jr., Clerk of Court, Gloucester, Virginia;
C. Ann Gentry, Deputy Clerk of Court, Gloucester,
Virginia, Defendants-Appellees.
 Nos. 88-6682, 88-7615 and 88-7646.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 27, 1988.
Decided: Oct. 6, 1988.
 
 Charles N. Curry, appellant pro se.
 Robert Quentin Harris (Office of the Attorney General); Becky A. Powhatan (Willcox & Savage, PC), for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Curry seeks review of orders rendered by the district court in three related lawsuits. We treat these separate actions in this consolidated appeal and approve the orders below.
 
 
 2
 Curry first filed a petition pursuant to 28 U.S.C. Sec. 2254 challenging his Virginia convictions [case No. 88-7615]. We find that the district court correctly dismissed this action, pursuant to 28 U.S.C. Sec. 2254(b), (c), for failure to exhaust state remedies because Curry did not timely file a notice of appeal in the Virginia Supreme Court after the Virginia Court of Appeals affirmed his convictions. See Rule 5:14, Rules of the Virginia Supreme Court.[1] Thus, Curry has never had full appellate review of the matters he raised in the court of appeals. Curry's contention that his petition for a belated appeal in that court satisfies the exhaustion requirement is without merit.[2] See Durkin v. Davis, 538 F.2d 1037 (4th Cir.1976). See also Anderson v. Harless, 459 U.S. 4 (1982) (habeas petitioner must fairly present the substance of his habeas claim in state court prior to federal review). Moreover, we note that Curry's petition is unexhausted in another manner--Curry has never raised his due process claim of denial of access to the courts in any state court. Because Curry raises this denial of due process as a distinct federal issue, he must exhaust that precise issue in state court. Anderson v. Harless, supra. The record is clear that Curry cannot meet this burden.
 
 
 3
 After the ruling by the district court in the Sec. 2254 action, Curry filed an action pursuant to 42 U.S.C. Sec. 1983 claiming a denial of access to the courts (by allegedly failing to notify him of the decision of the Virginia Court of Appeals so that he could timely file a petition in the Virginia Supreme Court) and a violation of due process [case No. 88-7646]. This action is a direct product of the district court's order finding a failure to exhaust. We find, as did the district court, that this transparent attempt to circumvent the Sec. 2254 ruling cannot succeed because Curry merely raises a slight variation on his "core complaint" of unlawful detention and thus, he must exhaust his Virginia remedies before the federal courts will entertain his claims. See Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Alexander v. Johnson, 742 F.2d 117 (4th Cir.1984).
 
 
 4
 Thus, we conclude that Curry has not established the proper predicate for federal review.[3] In case No. 88-7615, we deny a certificate of probable cause and dismiss the appeal. In case Nos. 88-6682 and 88-7646, we affirm the rulings of the district court. Curry's other motions pending in this Court are disposed of by our decision today. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 Case No. 88-7615--DISMISSED.
 
 
 6
 Case Nos. 88-7646, 88-6682--AFFIRMED.
 
 
 
 [1]
 Curry claims he did not receive notice of the decision of the Court of Appeals in time to perfect his appeal to the Supreme Court
 
 
 [2]
 We note that our holding today does not preclude Curry from litigating in Virginia courts the question of whether he was, or was not, unfairly deprived of appellate review
 
 
 [3]
 In light of our disposition of the other claims, Curry cannot establish a particularized need for transcripts of the state court proceedings. Thus, Curry's third action, case No. 88-6682, was properly dismissed by the district court. See Jones v. Superintendent, 460 F.2d 150 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973)