STATE OF WEST VIRGINIA

*v.*

RANDALL HERSMAN

(No. 14066)

Decided March 28, 1978.

*Robert B. Black* for Randall Hersman.

*Chauncey H. Browning,* Attorney General, *Edward W. Gardner,* Assistant Attorney General, for the State.

MILLER, JUSTICE:

This appeal involves the question of whether a person sentenced as a youthful male offender under W.Va. Code, 25-4-6,[1] is constitutionally entitled to credit for time spent at a correctional center.

---

[1] Pertinent portions of the statute are:

"The judge of any court with original criminal jurisdiction may suspend the imposition of sentence of any male youth convicted of or pleading guilty to a criminal offense, other than an offense punishable by life imprisonment, who has attained his sixteenth birthday but has not reached his twenty-first birthday at the time of the commission of the crime, and commit him to the custody of the West Virginia commissioner of public institutions to be assigned to a center. The period of confinement in the center shall be for a period of six months, or longer, if it is deemed advisable by the center superintendent, but in any event such period of confinement

Petitioner, Randall Hersman, was indicted for possession of marijuana. On August 13, 1976, he entered a guilty plea and was sentenced by the Circuit Court of Wood County to the custody of the Commissioner of Corrections pursuant to W.Va. Code, 25-4-6. This section provides: "confinement in the center shall be for a period of six months, or longer if it is deemed advisable by the center superintendent, but in any event such period of confinement shall not exceed two years."

The record reflects that on October 18, 1976, petitioner arrived at the Davis Center, where he remained until June of 1977. By a letter dated June 22, 1977, the Superintendent of the Davis Center notified the Circuit Court that petitioner had successfully completed the program and recommended his "release and probation." The court subsequently entered an order directing the return of the petitioner.

Before the order could be implemented, however, the Circuit Court received a brief letter from the Superintendent, asking that the request in his letter of June 22, 1977, be cancelled and that "due to his behavior" petitioner was being transferred to the Anthony Center. The court, by an order dated June 29, 1977, rescinded its order directing the return of the petitioner.

Thereafter, on September 9, 1977, the court was apprised by the Superintendent of the Anthony Center that petitioner had been found unfit, and the request was made that he be returned to court.

This was done, and on September 19, 1977, the court sentenced the petitioner to 90 days in the Wood County

shall not exceed two years. If, in the opinion of the superintendent, such male offender proves to be an unfit person to remain in such a center, he shall be returned to the court which committed him to be dealt with further according to law. In such event, the court may place him on probation or sentence him for the crime for which he has been convicted. In his discretion, the judge may allow the defendant credit on his sentence for time he has spent in the center. . . ."

Jail.[2] The petitioner was not credited with the 343 days spent at the Davis and Anthony Centers, although he was given credit for the time spent in jail awaiting transport to the Centers and awaiting sentence by the court on his return from the Anthony Center.

The State points out that W.Va. Code, 25-4-6, specifically provides that where a person is found to be unfit at the center and returned to the court, it "may place him on probation or sentence him for the crime for which he has been convicted." If he is sentenced, "the judge may allow the defendant credit on his sentence for time he has spent in the center."

We acknowledge that this language has been in the statute since its enactment in 1955. This, however, does not answer the constitutional question of whether the failure to credit the time spent at the center is a violation of our Double Jeopardy Clause, which prohibits multiple punishments for the same offense. West Virginia Constitution, Article III, Section 5; *Conner v. Griffith*, W. Va., 238 S.E.2d 529 (1977).

In *Conner*, under similar language in W.Va. Code, 62-12-19, giving discretion to credit time spent on parole, we held the Double Jeopardy Clause required the credit to be given. *Conner's* rationale was that parole involved substantial restrictions on liberty, and therefore a parolee was serving his sentence while on parole.

Here, we have an even greater restriction on liberty, since a person sent to a center is under confinement. The State does not deny that the detention centers are penal in nature. The statute provides for a period of confinement of not less than six months nor more than two years.

If a prisoner is returned from the detention center and "given the sentence he would have originally re-

---

[2] The crime of possession of more than 15 grams of marijuana carries a penalty under W.Va. Code, 60A-4-401(c), of confinement in jail of "not less than ninety days nor more than six months" or a fine of "not more than one thousand dollars, or both."

ceived" on his underlying criminal conviction without credit for the time spent at the center, he will have been twice punished for the same offense—a result specifically forbidden by our Double Jeopardy Clause. *Conner v. Griffith,* W.Va. at, 238 S.E.2d at 530.

*Conner* is not the only authority for this principle. The United States Supreme Court has mandated this result in *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S.Ct. 2072 (1969), when it held that the state is required under double jeopardy principles to credit time previously served on a sentence when a second sentence is imposed for the same offense. The controlling concept was the bar against multiple punishments for the same offense. *See Vickers v. Haynes,* 539 F.2d 1005 (4th Cir. 1976); *Durkin v. Davis,* 538 F.2d 1037 (4th Cir. 1976); *Ham v. North Carolina,* 471 F.2d 406 (4th Cir. 1973).

The State cites *State v. Fuentes,* 26 Ariz. App. 444, 549 P.2d 224 (1976), adopted without comment by the Supreme Court of Arizona in *State v. Fuentes,* 113 Ariz. 285, 551 P.2d 554 (1976). In *Fuentes,* the court held that time spent in jail as a condition of probation need not be credited when probation is revoked and a sentence imposed. The court seemed of the view that because the initial sentence was suspended the defendant's jail time was not the result of serving a sentence. A vigorous dissent was filed by the presiding judge, who maintained the Double Jeopardy Clause was violated, citing *North Carolina v. Pearce, supra.*

The Supreme Court of Florida has reached a result contrary from that of the Arizona court in *State v. Jones,* 327 So.2d 18, 25 (Fla. 1976), where the court concluded:

> "To hold otherwise would result in a possible constitutional violation under the standards set down in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)."

We decline to follow *Fuentes* for the simple reason that it is not in accord with what we conceive to be one of the

primary purposes of our Double Jeopardy Clause. *See Conner, Pearce,* and the Fourth Circuit cases cited, *supra.* We hold our Double Jeopardy Clause requires the State to give credit on a criminal sentence for all time spent in detention pursuant to a criminal conviction.

The facts in the present case aptly illustrate the reason for this rule. Petitioner spent 343 days at detention centers for an offense which carried confinement in the jail for 180 days. He was then given 90 days in jail. One might suspect that he would have preferred to be initially found not worthy of treatment as a youthful male offender.

Finally, the State asserts that if we require credit for the time spent at a detention center, sentencing judges will be less likely to utilize the more beneficient provisions of W.Va. Code, 25-4-6. We do not agree. When we address matters involving constitutional rights, we cannot define the limits of these rights by such subjective considerations.

However, our holding should not deter the appropriate exercise of discretion by a sentencing judge. The determination of fitness for treatment as a youthful male offender should be predicated on factors relating to the subject's background and his rehabilitation prospects. Of necessity, the decision to treat a person as a youthful male offender is based on the fact that he will benefit and respond to the rehabilitative atmosphere of a detention center. It does not flow from the thought that he will be declared unfit and require further punishment.

In *Conner,* we noted that it was not necessary to declare the statute involved unconstitutional. What was required was to apply it in a constitutional manner. 238 S.E.2d at 534, n. 18. Here, the same result is reached and W.Va. Code, 25-4-6, must be applied in a constitutional fashion by giving credit for the time spent at a detention center, once the youthful male offender is declared unfit and the court determines to impose the sentence on the underlying crime for which he has been convicted.

For the foregoing reasons, the sentence of the Circuit Court of Wood County is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*