579 S.E.2d 715

STATE of West Virginia, Plaintiff
Below, Appellee,

v.

Hallie BREWSTER, Defendant
Below, Appellant.

No. 30598.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 15, 2003.

Decided March 18, 2003.

228

Darrell V. McGraw, Jr., Attorney General, Darlene Ratliff–Thomas, Assistant Attorney General, Charleston, for Appellee.

Gerald Merceruio, Logan County Public Defender, Logan, for Appellant.

## PER CURIAM.

The appellant Hallie Brewster appeals an order from the circuit court of Logan County sentencing him to fifteen to thirty-five years for his guilty plea on one count of sexual assault in the first degree. The appellant contends that the circuit court denied him the right of allocution at his sentencing hearing. The appellant also argues that the circuit court abused its discretion by not treating him as a young adult offender. For the reasons listed below, we affirm the circuit court's order.

### I.

While camping with a male friend and his friend's eight-year-old sister in June of 2000, the eighteen-year-old appellant sexually assaulted his friend's sister. On September 12, 2000, a Logan County grand jury indicted the appellant on two counts of first degree sexual assault. The Logan County Prosecutor's Office and the appellant entered into plea negotiations. The appellant pled guilty to one count of first degree sexual assault, and the circuit court dismissed the second charge of first degree sexual assault.

A presentence investigation report was prepared and the appellant appeared for sentencing on June 7, 2001. Before sentencing, the circuit court asked the appellant and appellant's counsel if they had anything "to say with regard to the sentence that should be imposed." Appellant's counsel then rose and spoke on behalf of the appellant. The appellant did not speak nor did he indicate to the circuit court that he wished to speak.

Appellant's counsel argued that because of the appellant's tumultuous upbringing, the circuit court should be merciful in sentencing and treat the appellant as a young adult offender. Appellant's counsel further argued that the circuit court should sentence the appellant under the Centers for Housing Young Adult Offenders Act ("Young Adult Offenders Act"), W.Va.Code, 25–4–1 to –12 [1999],[1] because the appellant was only eighteen years old when he committed the offenses and had no prior felony arrests. The prosecuting attorney resisted the motion for treatment under the Young Adult Offenders Act.

The circuit court declined to sentence the appellant under the Young Adult Offenders Act, explaining that the sexual and predatory nature of the appellant's offenses made treatment under the Act inappropriate. The circuit court then sentenced the appellant to fifteen to thirty-five years in prison on a single count of sexual assault in the first degree, assessed the appellant a $1,000.00 fine, and ordered the appellant to make restitution to the victim for the costs of her psychological services.

The appellant argues that the circuit court denied him the right of allocution at his sentencing hearing and that the circuit court abused its discretion by failing to treat him under the Young Adult Offenders Act.

### II.

Rule 32(c)(3)(C) of the West Virginia Rules of Criminal Procedure [1996][2] gives a criminal defendant the right of allocution. "Rule 32(a)(1) [now Rule 32(c)(3)(C)] of the West Virginia Rules of Criminal Pro-

1. The Young Adult Offenders Act, W.Va.Code, 25–4–1 to –12 [1999], provides an alternative to sentencing young adult offenders to prison or jail.

2. West Virginia Rules of Criminal Procedure, Rule 32(c)(3)(C), states that:

(3) Imposition of Sentence.—Before imposing sentence, the court must...
(C) address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of sentence[.]

*cedure* confers a right of allocution upon one who is about to be sentenced for a criminal offense." Syllabus Point 6, *State v. Holcomb*, 178 W.Va. 455, 360 S.E.2d 232 (1987). "Allocution affords a defendant the opportunity to personally present to the court his or her defense or any mitigating information." *State v. Berrill*, 196 W.Va. 578, 587, 474 S.E.2d 508, 517 (1996). Rule 32(c)(3)(C) [1996] also offers the defendant an opportunity to "make a statement and to present any information in mitigation of sentence[.]" *West Virginia Rules of Criminal Procedure*, Rule 32(c)(3)(C) [1996].

The right of allocution before sentencing for a criminal defendant is a longstanding tradition in our jurisprudence.

> Ancient in law, allocution is both a rite and a right. It is designed to temper punishment with mercy in appropriate cases, and to ensure that sentencing reflects individualized circumstances. Furthermore, allocution has value in terms of maximizing the perceived equity of the process[.]

*State v. Bruffey*, 207 W.Va. 267, 272, 531 S.E.2d 332, 337 (2000) (internal citations omitted).

■ Both circuit courts and magistrate courts have an obligation to offer criminal defendants a chance to speak on their own behalf before sentencing. "In the circuit and magistrate courts of this state, the judge or magistrate shall, *sua sponte*, afford to any person about to be sentenced the right of allocution before passing sentence." Syllabus Point 6, *State v. Berrill*, 196 W.Va. 578, 474 S.E.2d 508 (1996).

■ The appellant asserts that the circuit court erred by denying him the right of allocution. Specifically, the appellant argues that he was unable to inform the circuit court about his dysfunctional family and its history of domestic violence, including homicides.

Reviewing the record, we find that the circuit court gave the appellant and his counsel an opportunity to address the court. Specifically, the circuit court asked whether the appellant *or* the appellant's counsel had anything "to say with regard to the sentence that should be imposed." Appellant's counsel then rose and addressed the court on behalf of the appellant. The appellant did not to respond to the court's inquiry. Therefore, we find that the circuit court offered the appellant the right of allocution in accordance with Rule 32(c)(3)(C) of the *West Virginia Rules of Criminal Procedure* [1996].

■ Next, the appellant argues that the circuit court abused its discretion by failing to treat him pursuant to the Young Adult Offenders Act. The circuit court judge has discretion in deciding whether to apply the Act to qualified offenders. Under *W.Va. Code*, 25-4-6 [1999],[3] a circuit court may suspend the imposition of sentencing any young adult who was convicted of or pled guilty to a felony under the provisions of the Act. When this occurs, the young adult offenders are instead assigned to a young adult offenders facility. "Classification of an individual as a youthful offender rests within the sound discretion of the circuit court." *State v. Allen*, 208 W.Va. 144, 157, 539 S.E.2d 87, 100 (1999). When deciding whether to sentence a criminal defendant as a young adult offender, the circuit court should consider the defendant's background and prospects for rehabilitation. *State v. Herman*, 161 W.Va. 371, 376, 242 S.E.2d 559, 561 (1978).

To qualify for treatment at a young adult offenders facility, a criminal defendant must be at least eighteen years old but not older than twenty-three at the time of sentencing. *W.Va.Code*, 25-4-6 [1999]. Young Adult Offenders Centers provide a "better opportunity to young adult offenders for reformation and encouragement of self-discipline." *W.Va.Code*, 25-4-1 [1999]. At the centers, young adult offenders participate in work programs, attend classes, and participate in

---

3. *W.Va.Code*, 25-4-6 [1999] states, in part, that:
   The judge of any court with original criminal jurisdiction may suspend the imposition of sentence of any young adult, as defined in this section, convicted of or pleading guilty to a felony offense ... who has attained his or her eighteenth birthday but has not reached his or her twenty-third birthday at the time of the sentencing by the court and commit the young adult to the custody of the West Virginia commissioner of corrections to be assigned to a center....

counseling programs that emphasize substance abuse and life skills. *W.Va.Code,* 25-4-3 [1999].

In exercising its discretion, the circuit court considered the appellant's argument for young adult offender status. The circuit court specifically considered the appellant's age and his family situation: "You, know, you can have some sort of sympathy for him in a way. He's a young man who has had apparently a horrible home life." The circuit court also knew that the appellant had no prior felony convictions. However, the circuit court remained unpersuaded that the appellant was a good candidate for treatment under the Young Adult Offenders Act.

When reviewed under an abuse of discretion standard, we find that the circuit court did not abuse its discretion in the instant case in declining to sentence the appellant under the Young Adult Offenders Act.

### III.

Because we find that the circuit court gave the appellant an opportunity for allocution, and that the circuit court did not abuse its discretion in denying the appellant's motion for treatment under the Young Adult Offenders Act, we affirm the circuit court's rulings.

Affirmed.