IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

_____

No. 11-0977

_____

FILED

May 17, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Petitioner

v.

ELLIOT FITZSIMMONS,
Respondent

_____

Appeal from the Circuit Court of Ohio County
The Honorable Arthur M. Recht, Judge
Case No. 10-F-54

Affirmed in Part, Reversed in Part, and Remanded

_____

Submitted: April 9, 2013
Filed: May 17, 2013

Gerald G. Jacovetty, Jr., Esq.           Patrick Morrisey, Esq.
Wheeling, West Virginia                  Attorney General
Counsel for the Petitioner               Laura Young, Esq.
                                         Assistant Attorney General
                                         Charleston, West Virginia
                                         Counsel for the Respondent

The Opinion of the Court was delivered PER CURIAM.

SYLLABUS BY THE COURT

1.     "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

2.     "It is a violation of the Double Jeopardy Clause of the West Virginia Constitution, Article III, Section 5, to fail to credit the time served at a detention center under W.Va.Code, 25-4-6, when pursuant to this section a prisoner is found unfit to remain at a detention center, is returned to the court which committed him, and is sentenced for the crime for which he has been convicted." Syllabus Point 2, *State v. Hersman*, 161 W. Va. 371, 242 S.E.2d 559 (1992).

i

Per Curiam:

The instant case is before the Court upon the appeal of Petitioner, Elliot Fitzsimmons, from a May 16, 2011, order of the Circuit Court of Ohio County which denied Petitioner's request for a continuance and for discovery, upheld the expulsion of the Petitioner from the program at the Anthony Center for Youthful Offenders, and denied Petitioner's motion for credit for time served at the Anthony Center. In this appeal, Petitioner alleges that the circuit court erred in denying the request of the Petitioner for a continuance of the April 28, 2011, evidentiary hearing so that discovery could be conducted; in upholding the decision of the warden finding Petitioner unfit for the Anthony Center facility; and in denying his request that he be given credit for time served. Upon examination of the parties' briefs, the submitted appendices, and the arguments of counsel, this Court concludes that the circuit court did not err in denying Petitioner's motion for continuance and discovery and in upholding the warden's decision to expel the Petitioner from the Anthony Center Youthful Offenders Program. However, we determine that the circuit court erroneously denied the Petitioner's request for credit for time served. Accordingly, as explained more thoroughly below, we affirm in part, and reverse in part, the May 16, 2011, order of the circuit court and remand this matter for further proceedings consistent with this Opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about May 10, 2010, Petitioner was indicted by the Ohio County, West Virginia Grand Jury through a four-count Indictment charging him with one count of entering without breaking, one count of conspiracy, one count of burglary and one count of grand larceny. On July 26, 2010, Petitioner entered a plea of guilty to Count 1 of the Indictment which charged "Entering Without Breaking." Paragraph 3 of the plea agreement stated that the Petitioner's sentence of one to ten years in the penitentiary would be suspended in lieu of his being placed at the Anthony Center for Youthful Offenders. The Petitioner was sentenced on August 9, 2010, to not less than one nor more than ten years for the entering without breaking conviction. The court thereafter suspended the sentence and ordered the Petitioner to be placed at the Anthony Center and dismissed the Petitioner's remaining charges. Petitioner was placed at the Anthony Center on August 11, 2010.

Following a lengthy string of institutional violations, the Multidisciplinary Unit Team at the Anthony Center reviewed the Petitioner's file. Shortly thereafter, based upon the review, the warden determined that the Petitioner was unfit to continue his placement at that facility. On February 11, 2011, an order was entered by the circuit court transferring Petitioner from the Anthony Center and returning him to the West Virginia Northern Regional Jail. The basis of the warden's termination of the Petitioner's

placement in the Anthony Center Youthful Offenders Program was multiple write-ups. On February 14, 2011, Anthony Center Associate Warden of Security, Mark Wegman, issued a report detailing the Petitioner's disciplinary violations. In the report, eighteen violations were listed including ten instances of "Refusing an Order," one instance of "Insubordination/Insolence," one instance of "Creating a Disturbance," one instance of "Contraband," two instances of "Unauthorized Communication," one instance of "Bucking Line," one instance of "Fraudulent Representation," and one instance of "Attentiveness."

Thereupon, the circuit court scheduled a hearing for April 28, 2011, as required by West Virginia Code § 25-4-6,[1] to determine if the warden abused his

---

[1] West Virginia Code 25-4-6 (2011) provides, in pertinent part,

> If, in the opinion of the warden, the young adult offender is an unfit person to remain in the center, the offender shall be returned to the committing court to be dealt with further according to law. The offender is entitled to a hearing before the committing court to review the warden's determination. The standard for review is whether the warden, considering the offender's overall record at the center and the offender's compliance with the center's rules, policies, procedures, programs and services, abused his or her discretion in determining that the offender is an unfit person to remain in the center. At the hearing before the committing court, the state need not offer independent proof of the offender's disciplinary infractions contained in the record of the center when opportunity for an administrative hearing on those infractions was previously made available at the institution. If the court upholds the warden's determination, the court may sentence the offender for the crime for which the offender

(continued . . .)

3

discretion in removing the Petitioner from the Anthony Center. Prior to the commencement of that hearing, defense counsel filed a motion on behalf of the Petitioner requesting a continuance of the April 28, 2011, hearing. The motion was filed on the ground that counsel was in need of discovery in order to effectively defend the Petitioner. The Court denied the continuance motion and the hearing went forward.

Associate Warden Wegman appeared via telephone at the hearing. Mr. Wegman testified that the Petitioner had eighteen violations as outlined in his previous report. Mr. Wegman also testified that the West Virginia Division of Corrections magistrate had held hearings on all of the Petitioner's previous write-ups. The Petitioner's counsel was given the opportunity to cross-examine Mr. Wegman. The Petitioner testified at the hearing that he was given a "good opportunity to be heard."

Upon conclusion of the hearing, the circuit court upheld the decision of the warden terminating the Petitioner's placement at the Anthony Center, reinstated the one to ten year prison sentence, and ordered that the Petitioner not be given any credit towards the one to ten-year prison sentence for the time served at the Anthony Center. Thereafter, the Petitioner filed a Motion for Relief from Judgment for Credit for Time

was convicted. In his or her discretion, the judge may allow the defendant credit on the sentence for time the offender spent in the center.

Served on May 4, 2011.  The circuit court entered an order denying the Motion for Relief on that same day.

## II.

### STANDARD OF REVIEW

With regard to the applicable standard of review upon appeal, this Court has held,

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

## III.

### ANALYSIS

In his first assignment of error, the Petitioner alleges that the circuit court erred in not granting his motion for discovery and continuance of the hearing.  Prior to the hearing, the Petitioner filed a motion for discovery requesting "any and all books, manuals, rules, regulations and/or any and all other documents regarding inmates' conduct and/or discipline when staying at the Anthony Center."  The Petitioner also

5

requested an extension of time based on the discovery request. Both motions were denied by the circuit court. The Petitioner asserts that he should have been provided an opportunity for discovery under Rule 16 of the West Virginia Rules of Criminal Procedure since it was a criminal hearing to which the Rules of Criminal Procedure applied.[2] He asserts that the hearing should have been continued to allow defense counsel the opportunity to appropriately review the documents and use them in the hearing if necessary.

Conversely, the State argues that West Virginia Code § 25-4-6 governs the removal of a youthful offender from the Anthony Center, and that the Rules of Criminal Procedure do not apply, as this is not a "criminal proceeding" as defined by Rule 54(c) of

---

[2] Rule 16 of the West Virginia Rules of Criminal Procedure provides, in pertinent part,

> (a) Disclosure of Evidence by the State.
>
> (1) Information Subject to Disclosure.
>
> > (C) Documents and Tangible Objects. Upon request of the defendant, the state shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody and control of the state, and which are material to the preparation of the defense or are intended for use by the state as evidence in chief at the trial, or were obtained from or belong to the defendant.

the West Virginia Rules of Criminal Procedure.[3]  The State argues that the hearing was simply a judicial review under the abuse of discretion standard.[4]  Moreover, the State contends that discovery rules are specifically inapplicable under West Virginia Code § 25-4-6, which provides that the State "does not have to offer independent proof of the offender's infractions if the offender had the opportunity for administrative hearings on those infractions."  The State maintains that the hearing was merely to determine if Petitioner was given the required administrative hearings.

In conducting the hearing in this case pursuant to West Virginia Code §25-4-6, the circuit court had a limited standard of review.  The statutory standard of review is "whether the warden, considering the offender's overall record at the center and the offender's compliance with the center's rules, policies, procedures, programs and services, abused his or her discretion in determining that the offender is an unfit person to remain in the center."  The statute goes on to provide that "the state need not offer independent proof of the offender's disciplinary infractions contained in the record of the

---

[3] As it concerns the circuit courts of West Virginia and the West Virginia Rules of Criminal Procedure, Rule 1 states, in pertinent part: "These rules govern procedure in all criminal proceedings in the circuit courts of West Virginia, as defined in Rule 54(c)." Rule 54(c)(5) of the West Virginia Rules of Criminal Procedure states, "Circuit Court includes all courts in this state having jurisdiction pursuant to Article 8, Section 6 of the Constitution of West Virginia."

[4] *See* footnote 1, *supra*.

center when opportunity for an administrative hearing on those infractions was previously made available at the institution." *See* W. Va. Code § 25-4-6.  In this case, the purpose of the hearing was to confirm that the Petitioner was previously provided with the opportunity to address the violations before a magistrate, that the magistrate determined that the violations were valid, and that the warden did not abuse his discretion in reviewing the Petitioner's overall record and determining him unfit to remain at the Anthony Center. The purpose of the hearing was not to re-determine the validity of the Petitioner's violations.

Prior to the April 28, 2011, hearing, the Petitioner had been provided with hearings before a magistrate for each of his eighteen violations. At these hearings, the Petitioner was provided with the opportunity to give his version of the events.  The hearing held before the circuit court on April 28, 2011, pursuant to West Virginia Code § 25-4-6, was simply a judicial review of the administrative hearings below.  At the hearing, the associate warden testified that the Petitioner was previously provided with hearings before a magistrate on each of his eighteen institutional violations.  Therefore, the circuit court did not err in denying the Petitioner's motion for discovery and the request for a continuance.

Under these same misapprehensions, the Petitioner next contends that the circuit court erred when it upheld the Anthony Center warden's ruling that the Petitioner was an unfit person to remain at the Center in the youthful offender program.  He asserts

that the circuit court erred because its focus in the hearing was incorrect and that it did not properly review the basis of the Petitioner's write-ups to determine if the warden's reliance upon them, as a basis for the warden's decision, was an abuse of his discretion. Rather, the circuit court focused on whether the Petitioner had been provided an administrative hearing on each of the write-ups with an opportunity to address each of them. For the reasons discussed above, we find that the Petitioner's argument has no merit.

As we previously stated, the State is not required to offer independent proof of the offender's disciplinary infractions when opportunity for administrative hearings on those infractions was previously made available. *See* W. Va. Code § 25-4-6. Here, the circuit court heard testimony that the Petitioner was previously provided with the opportunity to address the violations before a magistrate and the magistrate determined the violations were valid. Therefore, we find that the circuit court did not err in upholding the warden's determination to expel the Petitioner from the Anthony Center.

Lastly, the Petitioner argues that the circuit court erred in denying him credit for time served while at the Anthony Center. The Petitioner argues that the denial of credit for time served deprives him of constitutional rights under the Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution. He asserts that placement at the Anthony Center is actually incarceration at a West Virginia Department of Corrections facility which triggers constitutional rights that mandate that credit be

given for time served toward the jail sentence that was re-instated after his dismissal from the youthful offender program.

In *State v. Hersman*, 161 W. Va. 371, 242 S.E.2d 559 (1992), this Court addressed this very issue. We held the following in syllabus point 2:

> It is a violation of the Double Jeopardy Clause of the West Virginia Constitution, Article III, Section 5, to fail to credit the time served at a detention center under W.Va.Code, 25-4-6, when pursuant to this section a prisoner is found unfit to remain at a detention center, is returned to the court which committed him, and is sentenced for the crime for which he has been convicted.

In so deciding, we acknowledged the discretion given to the judge in West Virginia Code §25-4-6, which states that "in his or her discretion, the judge may allow the defendant credit on the sentence for time the offender spent in the center," but stated that,

> [i]n *Conner* [*v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977)], we noted that it was not necessary to declare the statute involved unconstitutional. What was required was to apply it in a constitutional manner. 238 S.E.2d at 534, n. 18. Here, the same result is reached and W.Va.Code, 25-4-6, must be applied in a constitutional fashion by giving credit for the time spent at a detention center, once the youthful male offender is declared unfit and the court determines to impose the sentence on the underlying crime for which he has been convicted.

*Id*. at 376, 242 S.E.2d at 561. Therefore, pursuant to *Hersman*, we find that the circuit court erred in denying the Petitioner credit for time served at the Anthony Center.[5]

---

[5] The State likewise concedes error on this issue.

Accordingly, we remand this matter to the circuit court for entry of a sentencing order crediting the Petitioner with time served.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm, in part, and reverse, in part, the May 16, 2011, order of the circuit court and remand this matter for entry of an order granting the Petitioner credit for time served at the Anthony Center.

Affirmed, in Part, Reversed, in Part, and Remanded.