**FILED**
**May 26, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0884** (Jackson County CC-18-2019-F-32)

**Nathan Hall,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Nathan Hall, by counsel Jeremy B. Cooper, appeals the Circuit Court of Jackson County's October 9, 2020, order sentencing him to not less than five nor more than twenty-five years of incarceration in the penitentiary for his first-degree sexual abuse conviction, to three years of incarceration in the penitentiary for his use of obscene matter to seduce a minor conviction, and to confinement in the regional jail for one year for his intimidation of a witness conviction. Respondent State of West Virginia, by counsel Patrick Morrisey and Scott E. Johnson, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2019, the grand jury returned a seventeen-count indictment charging petitioner with the misdemeanor offense of intimidation of a witness and various felony sex crimes, including, among others, use of obscene matter to seduce a minor and multiple counts of first-degree sexual abuse. Petitioner and the State entered into a plea agreement under which petitioner agreed to plead guilty to one count of first-degree sexual abuse (Count 10), one count of use of obscene matter to seduce a minor (Count 12), and one count of intimidation of a witness (Count 17).

Only the language of Count 10, charging first-degree sexual abuse, is relevant to petitioner's appeal. That count reads as follows:

That the Defendant, NATHAN HALL, on a day on or between the ___ day of November 2016 and ___ day of April, 2017, in Jackson County, West Virginia, did

intentionally, unlawfully, and feloniously subject [the victim], a female child (date of birth []), to sexual contact, as defined in West Virginia Code, § 61-8B-1(6), and that [the victim] was then and there younger than the age of twelve, and the said NATHAN HALL was then and there at least fourteen years of age, and that NATHAN HALL was not then and there married to [the victim], in violation of West Virginia Code, § 61-8B-7(a)(3), against the peace and dignity of the State.

And, with further regard to the first-degree sexual abuse charge, the plea agreement specified that "[t]he penalty to which the [d]efendant shall be exposed by virtue of his guilty plea is imprisonment for not less than five nor more than twenty-five years and fined not less than $1,000.00 nor more than $5,000.00."

In exchange for petitioner's guilty pleas, the State agreed to dismiss the remaining charges and to

recommend that the execution of sentence be suspended and that [petitioner] be committed to the Anthony Correctional Center for Youthful Offenders. If the [petitioner] does successfully complete Anthony Correctional Center, then [petitioner] will be entitled to probation, although the State will be free to speak as to the terms, duration, and specifics of the suspended sentence. The State will also be free to speak as to a recommendation for extended supervised release.

Sentencing was explicitly left to the circuit court's discretion, however:

[Petitioner] acknowledges that no representations have been made by the Prosecuting Attorney or any other officer or agent of the State of West Virginia as to what sentence he shall receive. [Petitioner] has been advised that the matter of sentencing is left to the sole discretion of the [c]ourt, and there are no guarantees as to what sentence [petitioner] may or may not receive.

At the July 7, 2020, plea hearing, the State placed the terms of the agreement on the record, including that petitioner agreed to plead guilty to Count 10, and stated, "[a]s cited in the indictment, it does have the age enhancement for the main victim being under the age of 12." As was also specified in the plea agreement, the State recited petitioner's prison exposure of five to twenty-five years for the first-degree sexual abuse charge. Petitioner's counsel agreed that the State "adequate[ly] depict[ed] . . . the plea agreement . . . . That matches our understanding of the same." Petitioner likewise confirmed that the State identified the essential terms of the agreement. Petitioner's counsel informed the court that he and petitioner "have had ample opportunity to discuss and review the plea."

In providing a factual basis for petitioner's guilty pleas, the State asked "to rely upon discovery as previously provided," which, the State asserted, was "quite voluminous and quite extensive, and . . . more than sufficient to find a factual basis." Petitioner stated that he had no objection to that. The court then asked petitioner, "But I also want you to call to mind, personally, based on what you know about the facts and circumstances that gave rise to this case, are you pleading guilty to these charges because you are, in fact, guilty of them and the State could prove

it?" Petitioner responded in the affirmative. The court accepted petitioner's pleas of guilty to first-degree sexual abuse, use of obscene matter to seduce a minor, and intimidation of a witness.

The parties appeared for sentencing on October 9, 2020. The only issue petitioner identified as in need of correction in the presentence investigation report was that "the penalty portion has imprisonment for 5 to 25 years and fined $1,000 (One Thousand Dollars) to $5,000 (Five Thousand Dollars) and imprisoned 10 to 25 years." Petitioner said, "I think that the second half of that would need to be stricken." The State agreed, "It should be 5 to 25 years or the 5 to 25 years and the fine." "Other than that," petitioner's counsel said, he had "no additions or corrections."

Eric Walls, a psychologist who performed a forensic psychological evaluation of petitioner, testified at sentencing. Mr. Walls was asked whether, based upon his evaluation of petitioner, he believed that petitioner "would be an ideal candidate for the Anthony Center and would learn one of the types of trades that we were discussing here?" Mr. Walls testified,

> He certainly has the ability to learn, especially with regard to, you know, a hands-on skill—that's a personal strength for him—and, also, he would be able to have a marketable skill, obtain employment and be able to support himself, as opposed to, you know, individuals who struggle having supervised release and/or additional sentences.

One of petitioner's victims and her parents also addressed the court, and each urged the court to impose the maximum term of incarceration. Petitioner and the State, on the other hand, argued that youthful offender treatment was the appropriate disposition.

The court sentenced petitioner to not less than five nor more than twenty-five years of incarceration and imposed a fine of $1,000 for his felony first-degree sexual abuse conviction, sentenced him to three years of incarceration for his felony use of obscene matter to seduce a minor conviction, and sentenced him to one year in jail and imposed a fine of $500 for his misdemeanor intimidation of a witness conviction. The court further ordered that petitioner's sentence for use of obscene matter to seduce a minor be served consecutively to the sentence imposed for first-degree sexual abuse and that his sentence for intimidation of a witness be served concurrently with his felony sentences. In determining that incarceration was the appropriate disposition, the court

> took note of the very serious nature of the convictions herein and the great benefit of [petitioner] by having ten counts of **"Sexual Assault in the First Degree,"** one count of **"Incest,"** and one count of **"Use of Obscene Matter to Seduce a Minor"** as charged in the indictment all dismissed by the terms of the Plea Agreement.

Petitioner's sentence was memorialized in the court's October 9, 2020, sentencing order, and it is from this order that petitioner appeals.

Petitioner raises two assignments of error on appeal. In his first, he claims that his sentence for first-degree sexual abuse is illegal as it is not within statutory limits. Petitioner states that his birthday is November 19, 1998, so for no more than nineteen days of the six-month timeframe set

forth in the indictment, petitioner was only seventeen years old.[1] But, for the five- to twenty-five-year sentence that was imposed here to have been in play, petitioner needed to have been eighteen years old. *Compare* W. Va. Code § 61-8B-7(b) (setting forth a penalty of not less than one nor more than five years for first-degree sexual abuse), *with id.* § 61-8B-7(c) (setting forth a penalty of not less than five nor more than twenty-five years for first-degree sexual abuse where the perpetrator is eighteen or older and the victim is younger than twelve). Petitioner argues that there was no discussion of him being eighteen years old at the plea hearing and that there was no basis upon which the circuit court could have found that he was eighteen at the time he committed the crime. He claims he admitted only to committing the offense charged in Count 10, not to committing it after turning eighteen. Petitioner also argues that time is of the essence of first-degree sexual abuse due to the alternate penalties set forth in West Virginia Code § 61-8B-7, but he disavows claiming that it is a required element of the offense such that it needed to have been alleged in the indictment. Thus, petitioner asserts that he is "not seeking to throw out the indictment[] or the plea agreement"; he just wants a lighter prison sentence (one to five years) than the one he, in his plea agreement and before the circuit court, agreed was applicable to him.

In petitioner's second assignment of error, he contends that the circuit court, in imposing incarceration over youthful offender treatment, based his sentence on an impermissible factor. Petitioner argues that under *State v. Hersman*, 161 W. Va. 371, 242 S.E.2d 559 (1978), a sentencing court's decision regarding youthful offender treatment must be made with a view toward whether the defendant is suitable for placement in such treatment, not guided by a desire to impose a harsher punishment. Yet, according to petitioner, the court based its sentencing decision on retributive factors, having taken note of "the seriousness of the offenses herein" and the number of dismissed charges. Petitioner points to Mr. Walls's testimony in arguing that he would "benefit and respond to the rehabilitative atmosphere" of youthful offender treatment.

Ordinarily, a criminal defendant who pleads guilty has waived his or her right to appeal. *State v. Howell*, No. 16-0541, 2018 WL 7075301, *3 (W. Va. Apr. 13, 2018)(memorandum decision). But "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978). We note additionally that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review," Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), and "unless the order violates statutory or constitutional commands," this Court reviews sentencing orders "under a deferential abuse of discretion standard." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

Petitioner's arguments regarding the legality of his five- to twenty-five-year sentence demonstrate no error, only dissatisfaction with a sentence contemplated by and permitted under the terms of the agreement into which he voluntarily entered. The plea agreement petitioner signed specified that the penalty he faced was not less than five nor more than twenty-five years of incarceration. At his plea hearing, he again agreed that the State's recitation of the plea agreement

---

[1] The indictment left blank the specific days in November of 2016 and April of 2017 that marked the beginning and ending of the period within which the first-degree sexual abuse was alleged to have occurred.

represented an "adequate depiction" of its terms, and he confirmed that he had the opportunity to review the agreement with his counsel and that counsel answered any questions he had to his satisfaction. In establishing a factual basis for petitioner's guilty plea, the State asked to rely on the previously provided "voluminous" and "extensive" discovery that was "more than sufficient to find a factual basis." Petitioner had no objection. Then, keeping this discovery in mind and based on petitioner's own knowledge of the case, petitioner agreed that he was pleading guilty because he was guilty "and the State could prove it." Under these facts—where petitioner agreed to plead guilty to first-degree sexual abuse, agreed that the evidence showed that he committed that crime, agreed that the State could prove he committed that crime, and agreed that the term of incarceration he consequently faced for committing that crime was five to twenty-five years—it is clear that petitioner agreed he committed the crime after turning eighteen years old and that he was, therefore, subject to the enhanced penalty. Petitioner's sentence is not illegal.

We also find no error in the court's imposition of the very prison term he agreed to leave in the court's discretion to impose. In *Hersman*, the case on which petitioner relies to argue that the court based his sentence on impermissible factors, we stated that

> [t]he determination of fitness for treatment as a youthful male offender should be predicated on factors relating to the subject's background and his rehabilitation prospects. Of necessity, the decision to treat a person as a youthful male offender is based on the fact that he will benefit and respond to the rehabilitative atmosphere of a detention center. It does not flow from the thought that he will be declared unfit and require further punishment.

161 W. Va. at 376, 242 S.E.2d at 561. Petitioner cites to no law indicating that *Hersman* or statutes regarding youthful offender treatment limit in any way the discretion afforded to sentencing courts in general or to the court at sentencing here under the explicit terms of his plea agreement, nor does he convincingly argue, in any event, that the court's considerations were not related to his background and rehabilitative prospects. *See People v. Cetwinski*, 115 N.E.3d 442, 457 (Ill. App. Ct. 2018) ("[T]he nature and circumstances of the offense are themselves factors to be considered in the determination of rehabilitative potential."). Rather, the factors we have stated that a court may not consider at sentencing "include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status." *State v. Moles*, No. 18-0903, 2019 WL 5092415, *2 (W. Va. Oct. 11, 2019)(memorandum decision). Neither is there an allegation that the court considered one of these impermissible factors nor do we find in our review that the court considered one of these impermissible factors. Further, we have previously found no abuse of discretion where sentencing courts have declined to sentence a defendant as a youthful offender following its consideration of circumstances similar to those considered by the court here. *See, e.g.*, *State v. Goff*, 203 W. Va. 516, 522, 509 S.E.2d 557, 563 (1998) (affirming the sentencing court's decision to deny youthful offender treatment, which decision was premised in part on the fact that such sentencing outcome "would unduly depreciate the seriousness of [the defendant's] crime"); *State v. Booth*, 224 W. Va. 307, 313 n.8, 685 S.E.2d 701, 707 n.8 (2009) (finding that the sentencing court did not abuse its discretion in declining to sentence the defendant as a youthful offender where the sentencing court considered "the significant impact that this crime has had on the victim" and the fact that "to impose anything but a stiff sentence would send the wrong message and would severely diminish the seriousness of [the defendant's] actions that day"). Thus, we find no error in the court's sentence here.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**

Justice William R. Wooton

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

**NOT PARTICIPATING:**

Justice C. Haley Bunn