# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0248** (Harrison County 19-F-195)

**Malik Corbin Christopher Edler,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Malik Corbin Christopher Edler, by counsel George J. Cosenza, appeals from the Circuit Court of Harrison County's March 8, 2021, sentencing order. The State of West Virginia, by counsel Patrick Morrisey and Scott E. Johnson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the Harrison County Grand Jury and was charged with possession with the intent to deliver a controlled substance, marijuana; first-degree robbery; malicious assault; assault during the commission of a felony or attempt to commit a felony; two counts of use or presentation of a firearm during commission of a felony; and murder. On November 9, 2020, petitioner pled guilty to possession with intent to deliver a controlled substance; unlawful assault, a lesser included offense of malicious assault; use or presentation of a firearm during the commission of a felony; and voluntary manslaughter, a lesser included offense of murder. At the plea hearing, the court inquired of petitioner about the events that gave rise to the plea agreement:

> PETITIONER: On the unlawful assault, I struck Samantha [Bailey] with the intent to injure her.
>
> THE COURT: What did you strike her with?

1

PETITIONER: A firearm. And, then I shot and killed Mr. Rex Bailey with a firearm.

THE COURT: What about the possession with intent to deliver the controlled substance, the marijuana?

PETITIONER: I had some weed, some marijuana, and I possessed it in my house with the intent to deliver it.

THE COURT: What about the $650.00? [Defense Counsel]: [T]hat's Count Five.

[DEFENSE COUNSEL]: Count Five, Your Honor, is the presentation of a firearm regarding unlawful assault.

THE COURT: No, Count Five is the use or presentation of a firearm during the commission of the felony offense of robbery.

PETITIONER: I took the money from [the minor S.S.] with a firearm.

THE COURT: [Defense Counsel], are you aware of any affirmative defense your client would have to any of these charges for which he's entered a plea of guilty?

DEFENSE COUNSEL: No.

The State also proffered its proof in support of petitioner's guilty pleas. Specifically, the State proffered that it would have offered testimony that a drug deal was set up with petitioner on March 7, 2019, to deliver marijuana and that petitioner possessed the marijuana. Further, the State informed the court that Samantha Bailey would have testified that petitioner pistol-whipped her with a firearm and that she required medical treatment, including staples to her head, as a result of the incident. The State also proffered that it would rely on the testimony of the minor, S.S., the victim of the robbery, who would testify that petitioner presented a firearm and took money from him. Per the State's proffer, the physical evidence included six spent shell casings. Further, the State indicated that it would provide testimony from the medical examiner, as well as petitioner's admission to shooting Rex Bailey.

The court's acceptance of petitioner's guilty pleas was held in abeyance while the court sought responses from the parties about one of the charges. On January 25, 2021, the court held a hearing on petitioner's plea agreement and sentencing. Petitioner advised the court that he wished to withdraw his guilty pleas. Ultimately, the court denied petitioner's oral motion finding, among other reasons, that "the defendant did not set forth a fair and just reason for the withdrawal of his guilty pleas" and that "the defendant had been advised at the plea hearing of the possible maximum penalties and consequences for each of the offense[s] in which he entered guilty pleas."

2

The court sentenced petitioner to an indeterminate term of imprisonment of not less than one year nor more than five years, with 674 days of credit for days previously served, for the possession with intent to deliver a controlled substance charge, as contained in count one of the indictment; to an indeterminate term of imprisonment of not less than one year nor more than five years for unlawful assault, as contained in count three of the indictment, with the term to run consecutively to count one; to a determinate term of seven years in prison for the use or presentation of a firearm during the commission of a felony, as contained in count five of the indictment, with the term to run consecutively to the term of count three; and to a determinate term of fifteen years in prison for voluntary manslaughter, with the term to run consecutively to count five. At the sentencing hearing, the court noted that a lesser sentence or alternative sentence was not warranted in this case because "the defendant had received numerous benefits in the plea agreement and the seriousness of the offenses."

Petitioner appeals from the March 8, 2021, sentencing order. On appeal, petitioner argues that his sentence violates the proportionality principle contained in the West Virginia Constitution. Respondent maintains that petitioner's claim of a constitutionally disproportionate sentence fails since his sentence was within the sentencing limitations for the crimes for which he pled guilty and his sentence was not enhanced pursuant to a recidivist statute.

We have consistently maintained that our review of sentencing orders is limited. We review sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). "It is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters, so long as the appellant's sentence was within the statutory limits, was not based upon any impermissible factors, and did not violate constitutional principles." *State v. Georgius*, 225 W. Va. 716, 722, 696 S.E.2d 18, 24 (2010).

Petitioner asserts that his sentence was disproportionate to the crimes he committed pursuant to Article III, § 5 of the West Virginia Constitution. We have held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Here, all of the offenses that petitioner pled guilty to contained sentencing limits and the circuit court sentenced petitioner within those limits. Moreover, petitioner was not sentenced pursuant to a recidivist statute. Finally, we are not persuaded by petitioner's argument that his sentence "shocks the consciousness" where he was sentenced within the sentencing guidelines to offenses to which he pled guilty. Thus, we refuse to disturb his sentences on appeal.

Petitioner also claims that the circuit court erroneously denied him classification as a youthful offender, considering that he had no significant criminal history, that he fully cooperated with law enforcement, and he was a model prisoner. This Court reviews the circuit court's decision

to deny youthful offender status to a petitioner only for abuse of discretion.[1] Here, the court declined to grant petitioner youthful offender status due to the seriousness of petitioner's offenses, which included the shooting death of one person and the serious injury to another, and the numerous benefits petitioner received as part of his plea agreement. Thus, we refuse to find that the court abused its discretion in declining to grant petitioner youthful offender status.

Petitioner also claims that the circuit court erred in ruling that his sentences should be served consecutively, instead of concurrently. However, the default rule in West Virginia is that sentences are to run consecutively. *See*, e.g. *State v. Marcum*, 238 W. Va. 26, 32, 792 S.E.2d 37, 43 (2016). Accordingly, we decline to disturb this ruling on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

Justice C. Haley Bunn

---

[1] We have noted that

a circuit court may suspend the imposition of sentencing any young adult who was convicted of or pled guilty to a felony under the provisions of the Act. When this occurs, the young adult offenders are instead assigned to a young adult offenders facility. "Classification of an individual as a youthful offender rests within the sound discretion of the circuit court." *State v. Allen,* 208 W.Va. 144, 157, 539 S.E.2d 87, 100 (1999). When deciding whether to sentence a criminal defendant as a young adult offender, the circuit court should consider the defendant's background and prospects for rehabilitation. *State v. Herman,* 161 W.Va. 371, 376, 242 S.E.2d 559, 561 (1978).

*State v. Brewster*, 213 W.Va. 227, 229, 579 S.E.2d 715, 717 (2003).